# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SENECA SPECIALTY INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | No. |
| TOP CLASS CONSTRUCTION, INC. and ALL TECH CARPENTRY CONTRACTORS, LLC, | : | |
| Defendants. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Seneca Specialty Insurance Company, by and through its undersigned counsel, Kennedys CMK LLP, as and for its Complaint for Declaratory Judgment states as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, in which Plaintiff Seneca Specialty Insurance Company ("Seneca") seeks to resolve an actual controversy as to Seneca's obligations, if any, in connection with a commercial general liability insurance policy (the "Seneca Policy") issued by Seneca to Defendant, Top Class Construction, Inc. ("Top Class").

2. Seneca seeks a declaration that it does not owe any duty to defend or indemnify Top Class or Defendant All-Tech Carpentry Contractors, LLC ("All-Tech") with respect to the claims alleged

1

against Top Class and against All-Tech in an underlying construction defect action, captioned <u>The Pointe at Turnbury Condominium Association, Inc. v. PPSD Development Company, LLC, et al.</u>, Superior Court of New Jersey, Middlesex County, Docket No. MID-L-7211-17 ("Underlying Action").

3. There is a real, substantial and justiciable issue in controversy between Seneca and Top Class, and between Seneca and All-Tech, regarding their respective rights and obligations under the policy issued to Top Class by Seneca, with respect to the Underlying Action.

4. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate because Seneca has no other remedy at law which will adequately resolve the current controversy.

**JURISDICTION AND VENUE**

5. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1), as Defendant Top Class

2

Construction, Inc. is a corporation that is deemed to reside within the judicial district of the Eastern District of Pennsylvania.

## THE PARTIES

8. Seneca Specialty Insurance Company ("Seneca") is a corporation domiciled in the State of Delaware with its principal place of business in the State of New York. At all times relevant to this action, Seneca was and is an eligible excess and surplus lines insurer in the Commonwealth of Pennsylvania.

9. Upon information and belief, Defendant Top Class Construction, Inc. ("Top Class") is a corporation domiciled in Pennsylvania, with a principal place of business at 6942 Souder Street, Philadelphia, Pennsylvania, 19149.

10. Upon information and belief, All Tech Carpentry Contractors, LLC is a New Jersey limited liability company.

## FACTUAL ALLEGATIONS

### A.   The Underlying Action

11. On December 6, 2017, The Pointe at Turnbury Condominium Association, Inc. filed a Complaint against numerous defendants, including All Tech, alleging various construction defects at The Pointe at Turnbury ("Project"). The Complaint alleged that All Tech had contracted to perform framing work at the Project.

12. The Complaint alleges that All Tech, among other defendants, negligently constructed, planned, designed, developed, repaired or maintained "the buildings, facades, roofs and common

3

elements" causing alleged "failure of siding on buildings, roofs and water infiltration to various units."

13. The Complaint sets forth causes of action against All Tech for breach of contract, breach of warranties, negligence, violations of the Consumer Fraud Act, strict liability and "defective materials."

14. On March 16, 2018, All Tech filed a Third-Party Complaint ("TPC") against a number of third-party defendants, including Top Class.

15. The TPC alleges that Top Class had entered into a contract with All Tech and had provided "services relative to framing" at the Project. Based on those allegations, the TPC sets forth causes of action against Top Class for contribution and indemnification under the Joint Tortfeasor's Contribution Action, N.J.S.A. 2A:53A-1 et seq., contractual indemnification, breach of contract to procure insurance coverage, and breach of contract.

B. **Seneca Policy**

16. Seneca issued a commercial general liability policy ("Seneca Policy") to Top Class, policy number BAG-1018077, which became effective on December 11, 2012, and was cancelled for non-payment effective February 28, 2013. (See Policy attached as Exhibit "A".)

17. All Tech first provided notice to Seneca of the Underlying Action by letter dated May 1, 2018, and demanded that

4

Seneca provide All Tech with a defense and indemnification as an additional insured.

18. Seneca disclaimed coverage to All Tech by letter dated May 8, 2018.

19. Following receipt of notice of the Underlying Action, Seneca made numerous attempts to contact Top Class, but Top Class did not respond to those attempts and did not provide notice or information to Seneca as to the Underlying Action.

20. By letter dated June 18, 2018, Seneca disclaimed coverage to Top Class with regard to the claims asserted in the Underlying Action.

21. Seneca issued a supplemental disclaimer to Top Class by letter dated October 22, 2018.

## COUNT I

### DECLARATORY JUDGMENT - TOP CLASS

22. Seneca incorporates herein by reference the allegations set forth in paragraphs 1 through 21 as though set forth at length herein.

23. Pursuant to 28 U.S.C. § 2201, Seneca seeks judgment declaring that the Seneca Policy does not, for the following reasons, afford coverage to Top Class for the claims asserted against it in the Underlying Action:

a. The claims asserted against Top Class in the Underlying Action do not seek damages for "property damage", as that term is defined in the Seneca Policy.

b. The claims asserted against Top Class in the Underlying Action do not seek damages for "property damage" caused by an "occurrence," as those terms are defined in the Seneca Policy;

c. Any claim for alleged "property damage" is for "property damage" that did not take place during the policy period of the Seneca Policy;

d. Any claim for alleged "property damage" is for "property damage" to the part of property that must be repaired or replaced because Top Class's "work" was incorrectly performed on it, and/or resulted from damage to the part of real property that Top Class or its subcontractors had been working on and arose from those operations, and therefore is barred by exclusion j(5) and j(6) contained in the Seneca Policy;

e. Any claim for alleged "property damage" is for "property damage" to "your product," as those terms are defined by the Seneca Policy, and is barred by exclusion (k) in the Seneca Policy;

f. To the extent any claim is for alleged "property damage" which would not have occurred, in whole or in part, but

6

for the actual, alleged or threatened contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, such damage is barred by the Fungi or Bacteria exclusion;

g. The claims against Top Class are barred from coverage by the Contractual Liability exclusion; and

h. Top Class has failed to comply with the conditions precedent to coverage as set forth in the Seneca Policy by failing to provide timely notice of the Underlying Action and failing to cooperate with Seneca's investigation.

WHEREFORE, Seneca demands judgment that it has no duty under the Seneca Policy to defend and/or indemnify Top Class for the claims brought against it in the Underlying Action.

## COUNT II

### DECLARATORY JUDGMENT – ALL TECH

24. Seneca incorporates herein by reference the allegations set forth in paragraphs 1 through 23 as though set forth at length herein.

25. Pursuant to 28 U.S.C. § 2201, Seneca seeks judgment declaring that the Seneca Policy does not, for the following reasons, afford coverage to All Tech for the claims asserted against it in the Underlying Action:

i. All Tech does not qualify as an insured under the Seneca Policy;

j. The claims asserted against All Tech in the Underlying Action do not seek damages for "property damage" as that term is defined in the Seneca Policy;

k. The claims asserted against All Tech in the Underlying Action do not seek damages for "property damage" caused by an "occurrence," as those terms are defined in the Seneca Policy;

l. Any claim for alleged "property damage" is for "property damage" that did not take place during the policy period of the Seneca Policy;

m. Any claim for alleged "property damage" is for "property damage" to the part of property that must be repaired or replaced because All Tech's "work" was incorrectly performed on it, and/or resulted from damage to the part of real property that All Tech or its subcontractors had been working on and arose from those operations, and therefore is barred by exclusion j(5) and j(6) contained in the Seneca Policy;

n. Any claim for "property damage" is for "property damage" to "your product," as those terms are defined by the Seneca Policy, and is barred by exclusion (k) in the Seneca Policy; and

8

o.  To the extent any claim is for alleged "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, such damage is barred by the Fungi or Bacteria exclusion;

26. WHEREFORE, Seneca demands judgment that it has no duty under the Seneca Policy to defend and/or indemnify All Tech for the claims brought against it in the Underlying Action.

## **REQUEST FOR DECLARATORY RELIEF**

WHEREFORE, Plaintiff Seneca Specialty Insurance Company ("Seneca") prays for judgment in its favor and against Defendants All Tech Carpentry Contractors, LLC ("All Tech") and Top Class Construction, Inc. ("Top Class") as follows:

a. Declaring that Seneca has no duty under the Seneca Policy to defend or indemnify Top Class as to the claims asserted against it in the Underlying Action;

b. Declaring that Seneca has no duty under the Seneca Policy to defend or indemnify All Tech as to the claims asserted against it in the Underlying Action; and

c. Awarding attorneys' fees, costs of suit, and such other relief as the Court may consider equitable, fair and proper.

Respectfully submitted:

_____

Victoria Allen, Esq.
KENNEDYS CMK LLP
Two Liberty Place
50 S. 16th Street, Suite 2625
Philadelphia, PA 19102
Tel: (267) 479-6700

and

/s/ Gary S. Kull
------------------
Gary S. Kull, Esq. (to be admitted *pro hac vice*)
Alexa J. Nasta Schmid, Esq. (to be admitted *pro hac vice*)
KENNEDYS CMK LLP
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ 07920
Tel: (908)848-6300
Attorneys for Plaintiff
Seneca Specialty Insurance Company